IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01663-KAS

MITCH HEUER,

    Plaintiff,

v.

UNITED RENTALS (NORTH AMERICA), INC.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff Mitch Heuer's **Motion for Remand** [#20] (the "Motion"). The Court has reviewed the Motion [#20], Defendant United Rentals (North America), Inc.'s Response [#24], Plaintiff's Reply [#25], and the applicable law. For the reasons set forth below, the Court **ORDERS**[1] that the Motion to Remand [#20] be **GRANTED**.

## I. Background

This lawsuit arises from Defendant allegedly selling Plaintiff a defective excavator and related parts. *See generally Complaint* [#7]. Plaintiff first brought this lawsuit on April 10, 2024, in the District Court for Montezuma County, Colorado, Case No. 2024CV30013. *Motion* [#20] at 1, ¶ 1. Defendant removed the case to the United States District Court for the District of Colorado based on diversity jurisdiction, Case No. 24-cv-01265-STV, before

---

[1] All parties consent to have a United States Magistrate Judge conduct all proceedings in this civil action, including trial, and to order the entry of final judgment. *Consent Form* [#15].

Chief Magistrate Judge Scott T. Varholak (the "2024 Lawsuit"). *See Notice of Removal* [#1], Case No. 24-cv-01265-STV (D. Colo. May 7, 2024).

In the 2024 Lawsuit, Plaintiff claimed $108,384.50 in purported damages. *Motion* [#20] at 1, ¶ 1. Thereafter, Plaintiff moved to dismiss the 2024 Lawsuit, stating that he believed his damages fell below the $75,000.00 threshold. *See id.* at ¶ 3; *Motion to Dismiss* [#21], Case No. 24-cv-01265-STV (D. Colo. Jan. 6, 2025). Chief Magistrate Judge Varholak dismissed the lawsuit without prejudice and imposed two conditions were Plaintiff to refile. *See Order Granting Motion to Dismiss* [#26], Case No. 24-cv-01265-STV (D. Colo. Feb. 11, 2025). First, the court ordered that, if Plaintiff sought to refile in state court, he "may not recover or seek more than $74,999.99." *Id.* at 3. Second, the court ordered that Plaintiff could not refile until he reimbursed Defendant the $405 filing fee incurred as a result of removing the 2024 Lawsuit. *Id.* The court imposed the second condition based largely on the fact that Plaintiff provided no justification for why he lowered his initial damages estimate of $108,384.50. *Id.*

Plaintiff reimbursed Defendant the $405 filing fee in April 2025 and initiated the instant action in the District Court of Montezuma County, Colorado, Case No. 2025CV30033. *See Response* [#24] at 4, ¶¶ 6-7; *Motion* [#20] at 2-3, ¶ 4. Plaintiff's Complaint [#7] arises from the same set of facts as the 2024 Lawsuit; namely, that Defendant contracted to sell Plaintiff a 2017 Link Belt Excavator and implements, including a 60-inch smooth edge bucket, a 24-inch trenching bucket, and a standard bucket (the "Equipment"). *See Complaint* [#7] at 4, ¶ 4. Plaintiff purchased the Equipment from Defendant for $90,333.60. *Id.* Plaintiff claims that Defendant failed to deliver all the Equipment he purchased, and that some of the Equipment was damaged when received

2

and incompatible with other parts. *Id.* at 2-3, ¶¶ 5-8. Plaintiff's requested relief includes damages not to exceed $74,999.99 and reasonable costs and attorney's fees. *Id.* at 2, ¶ 5; *see also id.* at 5 (seeking damages "not to exceed the amount of $74,999.00).

Once more, Defendant filed a notice of removal based on diversity jurisdiction. *See Notice of Removal* [#1]. Plaintiff filed the instant Motion [#20] contending that removal is improper because the amount in controversy is not satisfied as he does not seek to recover more than $74,999.99. *Motion* [#20] at 2, ¶ 4. Defendant contends that removal is proper because while Plaintiff may not seek damages in excess of the jurisdictional amount, his additional request for attorney's fees necessarily pushes the sought-after damages over the threshold. *See Response* [#24] at 8-10.

## II.   Applicable Law

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court for the United States for the district and division embracing the place where such action is pending." Thus, removal of a state civil action to federal court is appropriate if the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441. In removal cases premised on diversity of citizenship, as is the case here, a party invoking federal jurisdiction must demonstrate that the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See id*. § 1332(a)-(b). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Puentes v. Res-Care, Inc.*,

3

No. 2:20-cv-1320 MV/KRS, 2021 WL 2688872, at *1 (D.N.M. June 9, 2021) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). The removing party carries the burden "to show jurisdiction by a preponderance of the evidence." *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003); *see also A.L. by & through Luchsinger v. Pitts*, No. 21-cv-03481-CMA-STV, 2022 WL 3593739, at *2 (D. Colo. Aug. 23, 2022) ("The party invoking federal jurisdiction bears the burden of establishing jurisdiction as a threshold matter.").

On a motion to remand, a "defendant must affirmatively establish jurisdiction by proving jurisdictional facts that [make] it possible that $75,000 [is] in play[.]" *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis omitted). As such, the "proponent of jurisdiction must prove . . . contested factual assertions" because "jurisdiction itself is a legal conclusion, a consequence of facts rather than a provable fact." *Id.* at 954 (internal brackets, quotations, and emphasis omitted). "[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." *Id.* at 956 (citing *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 541-42 (7th Cir. 2006)). Importantly, when calculating the amount in controversy, a court may only consider attorney's fees when a statute or contract permits recovery of such fees. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *TBM Land Conservancy, Inc. v. Nextel West Corp.*, No. 15-cv-00134-PAB-KLM, 2016 WL 10674152, at *2 (D. Colo. Aug. 8, 2016) (including attorney's fees in amount in controversy calculation where lease agreement authorized recovery of such fees).

### III. Analysis

**A.    Diversity**

The parties do not dispute that the diversity requirement has been met. Diversity exists when the suit is between citizens of different states. 28 U.S.C. § 1332(a). Plaintiff is a resident of Colorado, and Defendant is incorporated in Delaware and has its principal place of business in Connecticut. *See Notice of Removal* [#1] at 4-5, ¶¶ 18-19. Therefore, the parties are diverse for purposes of establishing diversity of citizenship.

**B.    Amount in Controversy**

To round out the diversity jurisdiction analysis, Plaintiff's damages must exceed the amount in controversy requirement, i.e., be greater than $75,000.00. *See* 28 U.S.C. § 1332(b). Plaintiff states that he is entitled to recover damages not to exceed $74,999.99.[2] *Complaint* [#7] at 5. Plaintiff also seeks reimbursement of costs and reasonable attorney's fees. *Id.* In its Notice of Removal [#1], Defendant argues that "Plaintiff's request for $74,999.00 of damages, plus reasonable attorney's fees as allegedly provided by contract and law, plausibly demonstrates that the amount in controversy exceeds the jurisdictional threshold of $75,000.00." *Notice of Removal* [#1] at 6, ¶ 24. This, Defendant argues, "is all that is required to remove this action to federal court." *Id.* Plaintiff challenges Defendant's removal of this case by asserting that the amount in controversy does not exceed $75,000.00. *Motion* [#20] at 2, ¶¶ 4-6. Plaintiff further contends that Defendant's argument is baseless given Chief Magistrate Judge

---

[2] In his Complaint [#7], Plaintiff states that the total damages he requests do not exceed $74,999.99. *See Complaint* [#7] at 2, ¶ 5; *cf. id.* at 5 (stating damages do not exceed $74,999.00). In Plaintiff's Motion [#20], he again states that he does not seek damages beyond $74,999.99. *Motion* [#20] at 2, ¶ 5. Thus, the Court focuses its analysis on the $74,999.99 number.

Varholak's Order prohibiting Plaintiff from seeking more than $74,999.99. *Reply* [#25] at 2, ¶ 4.

In response, Defendant again argues that while Plaintiff may appear to seek damages beneath the statutory threshold, his additional request for attorney's fees necessarily forces those damages above the threshold requirement. *Response* [#24] at 8-10. Therefore, the Court must address whether a request for attorney's fees, in conjunction with a demand for damages of $74,999.99, may satisfy the amount in controversy requirement and preclude remand.

### 1. No Statute or Contract Authorizes Recovery of Attorney's Fees

Typically, "costs and interest are not to be considered when determining the amount in controversy." *Gregory v. Fid. Nat'l Title Ins. Co.*, No. 10-cv-02722-REB-MEH, 2011 WL 3608489, at *2 (D. Colo. Jan. 20, 2011) *report and recommendation adopted in part, rejected in part on other grounds* 2011 WL 3608444 (D. Colo. Aug. 16, 2011). However, attorney's fees may be considered in some instances, but only if they are authorized by statute or contract. *See TBM Land Conservancy, Inc.*, 2016 WL 10674152, at *2; *cf. Gregory*, 2011 WL 3608444, at *2 ("Attorney fees can be included in the amount in controversy only if the underlying state law on which one or more of the plaintiffs' claims is based permits an award of attorney fees."). Put differently, while attorney's fees are not normally factored into the amount in controversy, they may be, but only when recovery is permitted under the law.

The Complaint [#7] identifies no specific law or statute under which attorney's fees may be awarded. Plaintiff brings three claims under the common law: breach of contract, breach of an implied warranty, and misrepresentation and fraud. *Complaint* [#7] at 3-6.

There are no Colorado statutes that entitle Plaintiff to attorney's fees if he is ultimately successful on his claims. Furthermore, although Plaintiff asserts a claim for breach of contract, there is no showing that the underlying contract entitles Plaintiff to attorney's fees in the instance of a breach. Defendant states that "[a]ttorneys fees are properly considered when determining the amount in controversy," yet provides no support for this assertion in the context of Plaintiff's claims. *Response* [#24] at 8; *see also Notice of Removal* [#1] ¶ 24 ("Plaintiff's request for . . . reasonable attorney's fees as *allegedly* provided by contract and law") (emphasis added). Defendant cites *Miera v. Dairyland Insurance* as authoritative, but that is distinguishable from the instant case. *Response* [#24] at 10. Specifically, the plaintiff there sought damages and attorney's fees *as permitted by New Mexico statute*. *Miera*, 143 F.3d at 1340 (emphasis added). The Tenth Circuit, considering attorney's fees in calculating the amount in controversy, found that such fees would "push the amount of plaintiff's claim" above the threshold. *Id.*

While Plaintiff will undoubtedly incur more than $0.01 in attorney's fees during the pendency of this litigation, these fees cannot be considered in determining whether Plaintiff has satisfied the jurisdictional requirement because no statute or contract allows for recovery of those fees if Plaintiff ultimately prevails on his asserted claims. *See Gregory*, 2011 WL 3608444, at *2 (finding that attorney's fees cannot be considered in determining the amount in controversy where complaint did not refer to state law that authorized recovery of such fees).

    2.    **Defendant Nonetheless Fails to Satisfy Its Burden**

As the party opposing remand, Defendant bears the burden to "prove facts in support of the amount in controversy by a preponderance of the evidence[.]" *McPhail*,

529 F.3d at 953 (internal quotations and citation omitted). Defendant falls short of satisfying its burden. Defendant argues that remand is inappropriate because Plaintiff purchased the Equipment for over $90,000.00, which is inconsistent with Plaintiff's claimed damages of $74,999.99. *Response* [#24] at 8, n.6. Further, Defendant contends that Plaintiff's initial disclosures in the 2024 Lawsuit, wherein Plaintiff claimed $108,384.50 in damages, supports removal. *Id.* at 3. Defendant also directs the Court to Plaintiff's Proposed Scheduling Order, wherein Plaintiff limits his recovery to "$74,999 INCLUSIVE OF ATTORNEY'S FEES AS PROVIDED IN THE COMPLAINT," even though the itemized damages exceed $100,000. *See Proposed Scheduling Order* [#17] at 8-9; *see also Response* [#24] at 5. Defendant contends that this post-removal statement, along with Plaintiff's damage-related contentions in the Motion [#20], are insufficient to avoid the Court's jurisdiction. *See Motion* [#24] at 9.

The Court finds *Puentes v. Res-Care, Inc.* instructive. 2021 WL 2688872 (D.N.M. June 9, 2021). There, the plaintiff filed suit in state court and sought damages of "no more than $74,999.00." *Puentes*, 2021 WL 2688872, at *1. The plaintiff provided a sworn affidavit wherein she stipulated that the amount in controversy did not exceed $74,999.00, plus interest and costs, and that she waived any recovery if it exceeded $74,999.00. *Id.* The defendant removed the case, arguing that the plaintiff's post-removal stipulations had no effect on the amount in controversy, and that the plaintiff was likely to recover more than the jurisdictional amount. *Id.*

In considering the defendant's argument, the court first recognized that the plaintiff consistently represented to the court, before and after removal, that she did not seek more than $74,999.00. *Id.* at *2. Pointing to United States Supreme Court precedent, the

*Puentes* court noted that plaintiffs may limit their recovery to avoid removal to federal court. *Id.* (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) and *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). While the *Puentes* court acknowledged that a *post*-removal stipulation does not strip the court of jurisdiction where evidence otherwise indicates that the damages are above $75,000.00, it reasoned that "a [*pre*-removal] stipulation to recover less than the jurisdictional amount is binding through the doctrine of judicial estoppel, and the party's counsel is subject to Rule 11 sanctions if the party later attempts to recover more than the stipulated amount." *Id.* at *3.

As the master of his Complaint [#7], Plaintiff may avoid removal to federal court. *See Knowles*, 568 U.S. at 595. Plaintiff has made clear, from the time of the Complaint's filing and continuing thereafter, that he does not seek damages beyond the jurisdictional threshold. This is reflected on the face of his Complaint [#7], in his Proposed Scheduling Order [#24], Motion [#20], and Reply [#25]. In addition, Plaintiff agreed to the conditions outlined in Chief Magistrate Judge Varholak's Order, which expressly prohibit Plaintiff from seeking more than the jurisdictional threshold. Defendant's reliance on the purchase price of the Equipment to satisfy the amount in controversy does not satisfy its burden. Moreover, "[r]emoval statutes are to be strictly construed and all doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333 (internal citations omitted). Thus, the Court finds that Defendant has failed "to show jurisdiction by a preponderance of the evidence," *Karnes*, 335 F.3d at 1194, and therefore remand is appropriate.

## IV.   Conclusion

Based on the foregoing, the Court finds that it lacks subject matter jurisdiction to hear this case because the amount in controversy requirement is not satisfied. Accordingly,

IT IS **ORDERED** that the Motion [#20] is **GRANTED**.

IT IS FURTHER **ORDERED** that this case be **REMANDED** to Montezuma County District Court.

Dated: August 28, 2025          BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge